# Marshall *v.* King, Appellant.

*Judgment—Satisfaction of judgment—Fraud—Payment — Accord and satisfaction.*

A rule to satisfy a judgment will be discharged where the evidence shows that the plaintiff, a woman, in the absence of her counsel accepted a check of a third party for a sum much less than the amount of the judgment, that she accepted the check subject to the approval of her counsel, and that an agreement and receipt agreeing to satisfy the judgment had been executed by her through misrepresentation and impositions.

Submitted Dec. 3, 1915. Appeal, No. 181, Oct. T., 1915, by defendant, from order of Municipal Court, Jan. T., 1915, No. 462, discharging rule to satisfy judgment in case of Florence E. Marshall, Executrix of Estate of Walter F. Marshall, deceased, v. James J. King. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Rule to satisfy judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to satisfy judgment.

*John C. Hinckley,* for appellant.—Certainly it would be difficult to find a case where it would appear more clearly that the action of the parties amounted to accord and satisfaction. A receipt was signed, a check accepted, and agreement made to satisfy judgment, in consideration of payment of the definite sum: Washington Natl. Gas Co. v. Johnson, 123 Pa. 576; Girard Fire, Etc., Ins. Co. v. Canan, 195 Pa. 589.

*Charles S. Wood,* for appellee.—There was no accord

and satisfaction: Hartman v. Danner, 74 Pa. 36; Krauser v. McCurdy, 174 Pa. 174; Girard Fire Insurance Co. v. Canan, 195 Pa. 589; Washington N. Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Evesson v. Ziegfeld, 22 Pa. Superior Ct. 79; Philadelphia B. & W. Railroad Co. v. Walker, 45 Pa. Superior Ct. 524; Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; Amsler v. McClure, 238 Pa. 409; Hosler v. Harsh, 151 Pa. 415.

While a receipt is prima facie evidence of a payment the same is not conclusive, and may be explained: Hamsher v. Kline, 57 Pa. 397; Megargel v. Megargel, 105 Pa. 475; Rhoads' Est., 189 Pa. 460; Girard Fire Insurance Co. v. Canan, 195 Pa. 589; Krauser v. McCurdy, 174 Pa. 174.

OPINION BY ORLADY, P. J., March 1, 1916:

The plaintiff obtained a judgment against the defendant for want of an answer for $707.55. A rule to open the same was granted and discharged, then reinstated, and again discharged; reinstated again and finally discharged. Subsequent to this, in the absence of her counsel, the plaintiff was induced to accept a check of a third party for the sum of $450.00, and sign an agreement and receipt agreeing to satisfy the judgment against the defendant. She alleges that these writings were executed by her through misrepresentations and impositions and were signed, subject to the approval of her counsel, who, upon discovery of the facts refused to ratify the transaction and offered to return the check upon cancellation or surrender of the receipt.

The last rule taken by the defendant was to satisfy the judgment, alleging that the giving of the check for $450.00, taken with her agreement and receipt entitled him to this belief. This rule was discharged, and he brings this appeal.

It is evident that the minds of the parties never met in adjusting the amount in controversy; the methods adopt-

383, (1916).]            Opinion of the Court.

ed to effect a compromise met the usual fate of such efforts in passing over the head of counsel to make better terms with an invalid woman. The check has never been used, and has been tendered to the maker through the agency of the court, so that the defendant is not prejudiced by its issue. The receipt or agreement he holds is valueless, as the court has refused to recognize its validity, and we sustain the integrity of the judgment, by affirming the order of the court in discharging the rule to satisfy it.

Order affirmed.